DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Rodney Petties, | ) | |
| | ) | CASE NO. 5:06 CR 162 |
| Petitioner-Defendant, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent-Plaintiff. | ) | |
| | ) | |

I.  Introduction

The petitioner filed a pro se complaint requesting habeas relief from his sentence to 124 months following his conviction, based on his guilty plea, to the charge of conspiracy to possess with the intent to distribution and distribute cocaine.  The petitioner was facing a sentence of a mandatory minimum of 120 months to 135 months consistent with the advisory guideline calculation.  The gravamen of the petitioner's claim rested with the fact that his assigned counsel had published a sentencing memorandum a few days prior to the sentencing hearing which declared in part as follows:

> The Defendant informed Counsel on November 2, 20067 that he wanted a continuance of the sentencing hearing.  Counsel received the Pre-sentence Report by mail delivery on October 27, 2006.  A copy of that report was mailed to Youngstown for Mr. Petties within an hour of receiving the Report.  Counsel went to the Northeast Ohio Correctional Center on November 2, 2006 to review the Pre-sentence Report with Mr. Petties in preparation for the sentencing hearing.  Mr. Petties was brought into a conference room at about 7:05 PM as this writer awaited his arrival into the private conference room.
>
> It was obvious at the onset that Rodney Petties came to the

(5:06 CR 162)

> conference possessing an agitated state of mind.  He brought the Pre-sentence Report with him and probably had access to the Pre-sentence Report for at least three days before Counsel's arrival. He immediately demanded a Motion for Continuance of the sentencing hearing.  When asked for a reason, he became confrontational, aggressive and delivered a verbal tirade taking issue with the legal representation by Counsel.  He objected to the two point firearm enhancement under the Guideline calculations. When he was told that the issue was moot because he had already agreed to that element in the plea agreement, he became angry and loud.  He stood up, leaned over the table toward Counsel in a manner that represented an immediate likelihood toward violence. Counsel stood up anticipating an immediate act of violence, telling him that the interview had ended and demanding that he leave the room.  Had the correction's [sic] officer not appeared, it's likely that a physical confrontation would have been inevitable.

After considering the affidavits of the petitioner and his appointed counsel, the Court concluded that an evidentiary hearing was necessary.  The Court appointed the Federal Defender's office to represent the petitioner who had been proceeding in a pro se capacity.

The evidentiary hearing was conducted on June 10, 2008.  The petitioner and his appointed trial counsel both testified.

At the conclusion of the hearing, the Court read into the record the conclusion set forth in the petitioner's traverse and which declared as follows:

> The sentence of 124 months imposed upon petitioner is within the advisory guideline range of 120 to 135 months, but exceeds the mandatory statutory minimum of ten years (120 months).  At first blush, the difference of four (4) months might seem insignificant for Sixth Amendment purposes.  However, The Supreme Court has held that an increase of a few months in a defendant's sentence resulting from counsel's errors establishes prejudice for purposes of the *Strickland* analysis.  *Glover v. United States*, 531 U.S. 198, 148 L.Ed 2d 604, 121 S.Ct. 696 (2000).

The Court then questioned the petitioner as to whether he was requesting any remedy

(5:06 CR 162)

other than a reduction of his sentence from 124 months to 120 months. The petitioner indicated that he was not requesting that his guilty plea be vacated or that he be sentenced to any term of imprisonment less than the mandatory minimum sentence of 120 months.

## II. The Court's Ruling

The Court determined and announced in court that the inclusion in the defendant's sentencing memorandum in the paragraphs set forth above, constituted the ineffective assistance of counsel. The Court also reasoned that he was unable to conclude that he would have sentenced the defendant to as many as 124 months had the information set forth in the defendant's sentencing memorandum not been revealed to the Court. As a consequence, the Court concluded that the defendant was denied the effective assistance of counsel and prejudiced thereby. *See Strickland v. Washington*, 466 U.S. 779 )1982).

The Court granted the writ. The Court then re-sentenced the defendant to a term of 120 months with a period of supervised release for a period of five years, as well as the other conditions set forth in the initial sentencing entry.

The Court will publish an amended sentencing order consistent with the Court's ruling. The Court will publish a separate Judgment Entry granting the writ.

IT IS SO ORDERED.

| | |
|---|---|
| June 11, 2008 | */s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |